# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERATION FOR AMERICAN ) <br> IMMIGRATION REFORM, ) <br> 25 Massachusetts Ave, NW Suite 330 ) <br> Washington, DC 20001 ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. DEPARTMENT OF HEALTH ) <br> AND HUMAN SERVICES, ) <br> 200 Independence Ave, SW ) <br> Washington D.C., 20201 ) <br> ) <br> Defendant. ) <br> _____) | Civil Action No. |

## COMPLAINT

Plaintiff Federation for American Immigration Reform ("FAIR") brings this action against Defendant U.S. Department of Health and Human Services ("HHS") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff alleges the following grounds:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff FAIR ("Plaintiff") is a non-profit, educational foundation organized under the laws of the District of Columbia and having its principal place of business at 25 Massachusetts Ave, NW, Suite 330, Washington, DC 20001. Plaintiff seeks to educate the citizenry and increase public awareness of immigration issues and hold the nation's leaders accountable for enforcing the nation's immigration laws. In furtherance of its public interest mission, Plaintiff regularly requests access to the public records of federal agencies, entities, and offices, and disseminates its findings to the public.

4. Defendant HHS is an agency of the U.S. Government and is headquartered at 200 Independence Ave, S.W., Washington DC. HHS has possession, custody, and control of certain public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On November 30, 2015, Plaintiff submitted a FOIA request (the "November 30, 2015 FOIA request") to the Administration for Children and Families ("ACF"), a component of Defendant HHS, by email, seeking access to the following public records:

> 1. Any and all records of ORR Director Robert Carey and ACF Acting Assistant Secretary Mark Greenberg's calendars and/or schedules, from FY2012 to the present, showing meetings with the following organizations, including their representatives: Refugee Council USA, Church World Service, Catholic Charities, U.S. Conference of Catholic Bishops, Welcoming America, Hebrew Immigrant Aid Society, International Rescue Committee, World Relief, Inc., Lutheran Immigration and Refugee Service. Inc., US Committee for Refugees and Immigrants, Episcopal Migration Ministries, Ethiopian Community Development Council, Baptist Child and Family Services, Southwest Key Programs, Inc.
>
> 2. Any and all records of communications, including but not limited to emails, from FY2012 to the present, regarding the arrangement of meetings with the groups, including their representatives, mentioned in item 1.
>
> 3. Any and all records of notes or memoranda taken by Messrs Carey and Greenberg and/or other ORR or ACF staff with regards to the aforementioned

       meetings.

       4.  The most current resume on file for Mr. Carey.

6.       On January 28, 2016, Plaintiff received an acknowledgement email from Defendant confirming receipt of Plaintiff's November 30, 2015 FOIA request, assigning the control number 16-0280.

7.       On December 3, 2015, Plaintiff submitted a FOIA request to ACF (the "December 3, 2015 FOIA request"), by email, seeking access to the following public records:

> 1.  Any and all original records showing the number of Unaccompanied Children (UC) between FY2012 to the present that were removed, repatriated, or held to qualify for some form of deportation-relief.
>
> 2.  Any and all original records showing the number of UC-sponsors and parents found to have failed to ensure a UC's presence at immigration proceedings or that a UC reports to ICE for removal.
>
> 3.  Any and all original records showing the average age of UC's for each of the following years: FY2012, FY2013, FY2014, FY2015 (YTD).
>
> 4.  Any and all original records showing the number of UC-sponsorship applications made and rejected (or recommended to be) by the Lutheran Immigration and Refugee Service, Inc. and the Office of Security and Strategic Information (OSSI) between FY2012 to the present.
>
> 5.  Any and all records of inter-agency memos or directives to staff regarding the use of the terms "Unaccompanied Alien Children" and "Unaccompanied Children."
>
> 6.  Any record of the name, age, and/or official title with DHHS (if relevant) of the artist who created the picture shown in slide 4 on ACF's homepage1 (also enclosed as an exhibit).

8.       On January 28, 2016, Plaintiff received an acknowledgement email from Defendant confirming receipt of Plaintiff's December 3, 2015 FOIA request, assigning the control number 16-0253.

9. On December 10, 2015, Plaintiff submitted a FOIA request to ACF (the "December 10, 2015 FOIA request"), by email, seeking access to the following public records:

> 1. Any and all records related to cooperative agreements and grant award contacts (and supporting materials) between ACF and the non-profit organization, Welcoming America.
>
> 2. Any and all original records related to federal funds allocated from ACF to awardee, the Heartland Alliance.
>
> 3. Any and all original records related to federal funds allocated from ACF to facilitate and maintain the Rainbow Welcome Initiative.
>
> 4. Any and all original records of the payback rate of airfare-linked promissory notes and the entire amount of those owed monies outstanding as of the present.

10. On January 19, 2016, Plaintiff received an acknowledgement email from Defendant confirming receipt of Plaintiff's December 10, 2015 FOIA request, assigning the control number 16-0273.

11. On December 29, 2015, Plaintiff submitted a FOIA request to ACF (the "December 29, 2015 FOIA request"), by email, seeking access to the following public records:

> 1. Any and all records of communications, including but not limited to emails, between ACF-ORR staff and White House staff from FY2014 to the present regarding the resettlement and/or possible resettlement of refugees from Syria.

12. On January 28, 2016, Plaintiff received an acknowledgement email from Defendant confirming receipt of Plaintiff's December 29, 2015 FOIA request, assigning the control number 16-0265.

13. On February 8, 2016, Plaintiff submitted a FOIA request to ACF (the "February 8, 2016 FOIA request"), by email, seeking access to the following public records:

> 1. Each plan submitted to the Administration for Children and Families (ACF) by state governments and approved by ACF to assist in the resettlement of refugees within their jurisdiction.

      2. Any and all records showing the amount of funds appropriated to each state government for the initial resettlement of and services to refugees.

14. On February 25, 2016, Plaintiff received an acknowledgement email from Defendant confirming receipt of Plaintiff's February 8, 2016 FOIA request, assigning the control number 16-0306.

15. Counsel's investigator Ian Smith contacted ACF on May 18, 2016 by email, and ACF was not able to inform him when it would provide documents responsive to the FOIA requests.

16. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to determine whether to comply with each of Plaintiff's FOIA requests within twenty (20) working days after receipt of each request and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination.  Accordingly, Defendant's determination of the November 30, 2015 FOIA request was due by February 26, 2016 at the latest; Defendant's determination of the December 3, 2015 FOIA request was due by February 26, 2016 at the latest; Defendant's determination of the December 10, 2015 FOIA request was due by February 17, 2016 at the latest; Defendant's determination of the December 29, 2015 FOIA request was due by February 26, 2016 at the latest; and Defendant's determination of the February 25, 2016 FOIA request was due by March 24, 2016 at the latest.

17. As of the date of this Complaint, Defendant has failed to: (i) determine whether to comply with Plaintiff's FOIA requests; (ii) notify Plaintiff of any such determination or the reasons for such determination for these FOIA requests; (iii) advise Plaintiff of the right to appeal any adverse determination of these FOIA requests; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

18.     Because Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A) with respect to the FOIA requests, Plaintiff is deemed to have exhausted any and all administrative remedies with respect to each request, pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
(Violation of FOIA, 5 U.S.C. § 552)

19.     Plaintiff realleges paragraphs 1 through 18 as if fully stated herein.

20.     Defendant is unlawfully withholding public records requested by Plaintiff pursuant to 5 U.S.C. § 552.

21.     Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of the requested public records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and a Vaughn index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  June 16, 2016                                           Respectfully submitted,

/s/ Julie B. Axelrod
D.C. Bar No. 1001557
Immigration Reform Law Institute
25 Massachusetts Ave. NW, Suite 335
Washington DC, 20001
Telephone: 202-232-5590
FAX (202) 464-3590
Email: jaxelrod@irli.org